UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID SCHLOSSER,

                Petitioner,

    v.

MELISSA ANDREWJESKI,

                Respondent.

CASE NO. 2:22-CV-1112-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: January 6, 2023

The District Court has referred this action to United States Magistrate Judge David W. Christel. Before the Court is petitioner's motion for stay and abeyance. Dkt.13. For the reasons discussed below, the Court recommends a stay be DENIED.

**I. BACKGROUND**

Petitioner filed a habeas petition in this matter raising six claims for relief. Dkt. 3. Respondent filed an Answer contending three of those claims were not properly exhausted and state law procedurally bars their review. Dkt. 9 at 14–31. Petitioner has filed a motion to stay and abey this matter, asserting he filed a Personal Restraint Petition ("PRP") on September 13, 2022

1  to exhaust his claims in state court. Dkt. 13 at 2–3. Respondent opposes plaintiff's motion,
2  contending petitioner has not provided any evidence of a pending PRP and, in any event, the
3  claims petitioner asserts are presented in the PRP have not been alleged in this matter. Dkt. 14.
4  Respondent further observes that the mandate issued in petitioner's direct appeal on September
5  21, 2021 and the one-year period prescribed by state court rules for filing a PRP has now
6  expired. *Id*., citing RCW 10.73.090, RCW 10.73.100.
7    Petitioner filed a reply and an Appendix attaching a motion before the Washington State
8  Court of Appeals Division I (the "state court of appeals") requesting an extension of time to file
9  a PRP. Dkts. 15, 16.

## II. DISCUSSION

11    A district court, on federal habeas review, has discretion to stay a petition to allow a
12  petitioner to return to state court to present his unexhausted claims. *Rhines v. Weber*, 544 U.S.
13  269, 269 (2005). The stay and abeyance procedure is invoked only in very limited circumstances,
14  such as where: (1) the petitioner has good cause for his failure to exhaust; (2) the unexhausted
15  claims are potentially meritorious; and, (3) there is no indication that the petitioner engaged in
16  intentionally dilatory litigation tactics. *Id*. at 278.
17    Here, petitioner's motion contends he has filed a PRP addressing his unexhausted claims
18  and asks the Court to stay and abey this matter pending his exhaustion of state remedies. Dkt. 14.
19  However, petitioner has not demonstrated that any such proceeding is actually pending—and
20  respondent's counsel asserts no such proceeding could be located on the Washington Court of
21  Appeals website. Dkt. 14 at 2. In reply, petitioner attached a document entitled "motion for
22  extension of time" that appears to have been filed in petitioner's direct appeal before the state
23  court of appeals. Dkt. 15 at 7; Dkt. 16. But there is no indication the state court of appeals has

permitted the late filing of a PRP—let alone any evidence petitioner has actually filed one. Furthermore, petitioner has not shown the claims he is seeking to exhaust in state court are claims he has brought, or seeks to bring, in this matter.

Petitioner has not demonstrated a stay is warranted at this time. The Court therefore recommends petitioner's motion to stay be DENIED without prejudice. If petitioner is able to show a PRP is pending pertaining to claims alleged in this matter, he may file a new request for a stay.

### III. CONCLUSION

For the above stated reasons, the Court recommends petitioner's motion to stay and abey be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 6, 2023 as noted in the caption.

Dated this 19th day of December, 2022.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3