UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID SCHLOSSER,

    Petitioner,

v.

MELISSA ANDREWJESKI,

    Respondent.

CASE NO. 2:22-CV-1112-RJB-DWC

ORDER TO SHOW CAUSE AND FOR MERITS BRIEFING

The District Court has referred this action to United States Magistrate Judge David W. Christel. This matter comes before the Court on petitioner's apparent failure to exhaust three of the six grounds of his petition, which it appears might render the petition in this matter a mixed petition.

Respondent contends petitioner has failed to properly exhaust Grounds 3, 5 and 6, because Ground 3 was presented solely as an issue of state law and Grounds 5 and 6 were not presented to the state supreme court and therefore were not presented in a "complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also Gray v. Netherland*, 518 U.S. 152, 162–163 (1996) (to properly exhaust, a claim in state

court must specifically invoke a federal constitutional right). Respondent further asserts the claims are procedurally defaulted and may not be considered here because the time has now expired for petitioner to file a new petition in state court. *See* RCW § 10.73.090 (imposing one year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge). Here, the mandate issued, and the state court of appeals' decision became final, on September 21, 2021. Dkt. 10-1 at 380. Petitioner therefore had until September 21, 2022 to seek additional state court remedies—and that time has now passed.

But when a federal court is considering whether a claim is procedurally defaulted, "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). Petitioner filed his petition in this matter on August 8, 2022. Dkt. 1. At that time, the deadline for filing a personal restraint petition had yet not expired.

It therefore appears Grounds 3, 5 and 6 may be unexhausted, but not procedurally defaulted. Moreover, respondent agrees the remaining grounds in the petition (Grounds 1, 2 and 4) have been properly exhausted and may be considered on the merits. Dkt. 9 at 8. Accordingly, it appears the petition may be a "mixed petition." *Rose v. Lundy,* 455 U.S. 509, 515–520 (1982). However, even where a claim is unexhausted, a court may deny it "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir. 2005) (citing *Granberry v. Greer,* 481 U.S. 129, 135 (1987)); 28 U.S.C. § 2254(b)(2).

The Court therefore ORDERS as follows:

1. On or before **April 28, 2023**, respondent shall show cause why this matter does not present a mixed petition. Respondent shall also brief the merits of Grounds 3, 5 and 6 of the petition.

2. Petitioner may file a response on or before **May 22, 2023**.

3. The Clerk shall renote the petition in this matter for **May 26, 2023**.

Dated this 23rd day of March, 2023.

David W. Christel
Chief United States Magistrate Judge