UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID SCHLOSSER,<br><br>       Petitioner,<br><br> v.<br><br>MELISSA ANDREWJESKI,<br><br>       Respondent. | CASE NO. 22-1112 RJB-DWC<br><br>ORDER RE-REFERRING CASE AND STRIKING NOTING DATE ON REPORT AND RECOMMENDATION |

  This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 28. The Court has considered the Report and Recommendation (Dkt. 28), Petitioner's Objections to the Report and Recommendation (Dkt. 30), Respondent's Response to Petitioner's Objections to the Report and Recommendation (Dkt. 31), and the remaining file. It is fully advised.

  On August 8, 2022, Petitioner, *pro se,* filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his March 15, 2019 judgment and sentence after his conviction by a jury for rape of a child in the first degree of his stepdaughter A.D. Dkt. 1. The Petitioner

ORDER RE-REFERRING CASE AND STRIKING NOTING DATE ON REPORT AND RECOMMENDATION - 1

initially raised six grounds for relief. *Id.* He then filed an unopposed motion to withdraw Grounds 3, 5, and 6. Dkt. 25.

On May 18, 2023, the Report and Recommendation was filed. Dkt. 28. It recommends granting the Petitioner's unopposed motion to withdraw Grounds 3, 5, and 6. *Id.* The Report and Recommendation recommends denial of relief on the remaining Grounds 1, 2, and 4. *Id.* It also recommends finding that an evidentiary hearing is not necessary and that a Certificate of Appealability be denied. *Id.* The Petitioner, through counsel, filed objections to portions of the Report and Recommendation objecting to recommendations regarding the denial of an evidentiary hearing, denial of relief on Ground 1 and Ground 2, and the denial of the Certificate of Appealability. Dkt. 30.

In his objections, regarding Ground 2, the Petitioner also argues that his Sixth Amendment rights were violated when the trial court prohibited him from questioning A.D.'s mental health counselor about what, if any, A.D. told her counselor of Petitioner's alleged sexual abuse of A.D. Dkt. 30 at 17. This portion of Ground 2 was not in Petitioner's Petition (Dkt. 3 at 21) and appears to be raised for the first time in this case in the objections. It is unclear from the record whether the Petitioner exhausted this portion of Ground 2 with the Washington courts or whether he is now procedurally barred from doing so.

Accordingly, the case should be re-referred to Magistrate Judge Christel for further proceedings relating to Petitioner's argument that his Sixth Amendment rights were violated when the trial court prohibited him from questioning A.D.'s counselor about what, if any, A.D. told the counselor of Petitioner's alleged sexually abuse of A.D.

ORDER RE-REFERRING CASE AND STRIKING NOTING DATE ON REPORT AND RECOMMENDATION - 2

The noting date for the Report and Recommendation (Dkt. 28), Petitioner's Objections to the Report and Recommendation (Dkt. 30), Respondent's Response to Petitioner's Objections to the Report and Recommendation (Dkt. 31), should be stricken to be reset when appropriate.

### ORDER

- This case **IS RE-REFERRED** to Magistrate Judge Christel for further proceedings consistent with this opinion; and

- The noting date for the Report and Recommendation (Dkt. 28), Petitioner's Objections to the Report and Recommendation (Dkt. 30), Respondent's Response to Petitioner's Objections to the Report and Recommendation (Dkt. 31) **IS STRICKEN** to be reset when appropriate.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of June, 2023.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER RE-REFERRING CASE AND STRIKING NOTING DATE ON REPORT AND RECOMMENDATION - 3