1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11

DAVID SCHLOSSER,

CASE NO. 22-1112 RJB-DWC

Petitioner,

ORDER ON REPORT AND
RECOMMENDATION

v.

MELISSA ANDREWJESKI,

Respondent.

16    This matter comes before the Court on the Report and Recommendation of U.S.

17 Magistrate Judge David W. Christel.  Dkt. 28.  The Court has considered the Report and

18 Recommendation (Dkt. 28), Petitioner's Objections to the Report and Recommendation (Dkt.

19 30), Respondent's Response to Petitioner's Objections to the Report and Recommendation (Dkt.

20 31), and the remaining file.  It is fully advised.

21    On August 8, 2022, Petitioner, *pro se,* filed this habeas corpus petition pursuant to 28

22 U.S.C. § 2254 challenging his March 15, 2019 judgment and sentence after his conviction by a

23 jury for rape of a child in the first degree of his stepdaughter A.D.  Dkt. 1.  The Petitioner

24

initially raised six grounds for relief.  *Id.*  He then filed an unopposed motion to withdraw Grounds 3, 5, and 6.  Dkt. 25.

On May 18, 2023, the Report and Recommendation was filed.  Dkt. 28.  It recommends granting the Petitioner's unopposed motion to withdraw Grounds 3, 5, and 6.  *Id.*  The Report and Recommendation recommends denial of relief on the remaining Grounds 1, 2, and 4.  *Id.*  It also recommends finding that an evidentiary hearing is not necessary and that a Certificate of Appealability be denied.  *Id.*  The Petitioner, through counsel, filed objections to portions of the Report and Recommendation objecting to recommendations regarding the denial of an evidentiary hearing, denial of relief on Ground 1 and Ground 2, and the denial of the Certificate of Appealability.  Dkt. 30.

The objections raised two separate issues under Ground 2.  Dkt. 30.  The petitioner asserted that his rights were violated when the trial court prohibited him from questioning A.D. about statements to her mental health counselor.  *Id.*  This issue is discussed below in this opinion under "Ground 2."  Further, in his Ground 2 objections, the Petitioner also argued that his Sixth Amendment rights were violated when the trial court prohibited him from questioning A.D.'s mental health counselor about what, if any, A.D. told her counselor of Petitioner's alleged sexual abuse of A.D. Dkt. 30 at 17-19.  This portion of Ground 2 was not in Petitioner's Petition (Dkt. 3 at 21) and appeared to be raised for the first time in this case in the objections.  After the case was re-referred to U.S. Magistrate Judge Christel for further proceedings on this claim, the parties stipulated to dismissal of this claim.  Dkt. 34.  The claim was dismissed, the referral to the magistrate judge terminated, and the parties were given an opportunity to indicate that the case was not ready for decision by August 31, 2023.  *Id.*  No responses were filed.  The Report and Recommendation and objections are now ripe for decision.

1

## **DISCUSSION**

The Report and Recommendation (Dkt. 28) should be adopted.  Petitioner's motion to dismiss Grounds 3, 5, and 6 (Dkt. 25) should be granted and those claims dismissed.  The Petitioner did not object to the Report and Recommendation's recommendation that Ground 4 be denied on the merits.  For the reasons stated in the Report and Recommendation, Ground 4 should be denied on the merits.  The Petitioner's objections (Dkt. 30) do not provide a basis to decline to adopt the remainder of the Report and Recommendation.

**Evidentiary Hearing.**  Petitioner's assertion that an evidentiary hearing is warranted is unavailing.  As stated in the Report and Recommendation (Dkt. 28 at 22), the Petitioner's grounds for relief may be resolved on the existing state record.  His motion for an evidentiary hearing should be denied.

**Standard of Review.**  Under 28 U.S.C. § 2254, a petition for writ of *habeas corpus* will not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1).

**Ground 1.**  As to Ground 1, Petitioner argues that the Washington courts unreasonably applied clearly established federal law regarding his due process rights when they upheld the trial court's denial of Petitioner's motion for *in camera* review of victim A.D.'s counseling records. Dkt. 30.  The Petitioner points to *Pennsylvania v. Richie,* 480 U.S. 39 (1987) and argues that his case was "indistinguishable" from *Richie.  Id.*

In *Richie* the Supreme Court held that the trial court's failure to conduct *in camera* review of Child and Youth Service's records violated Richie's due process rights.  *Richie* at 56-57.  The *Richie* Court first noted that under *Brady v. Maryland,* 373 U.S. 83 (1963), "[i]t is well

settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment."  The Supreme Court continued,

> Although courts have used different terminologies to define materiality, a majority of this Court has agreed, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Richie* at 57 (*cleaned up*).  Relying on *Richie,* the Washington State Court of Appeals concluded that the Petitioner failed to show that the evidence he sought from the counseling records was plausibly material and favorable to the defense.  Dkt. 10-1 at 25-28.

The Petitioner has failed to show that the Washington courts' decision on Ground 1 was "contrary to, or involved unreasonable application of," federal law.  28 U.S.C. § 2254(d)(1).  The Petitioner has failed to make a plausible showing that the evidence he seeks from the counseling records would have been material and/or favorable to the defense.  As stated in the Report and Recommendation, the record contained extensive evidence that A.D. told no one she had been raped until years after her time with her counselor ended.  Additional evidence would have been cumulative.  Contrary to Petitioner's assertions, his case is not "indistinguishable" from *Richie*.  While both Petitioner and Richie were accused of raping their step/daughters and both girls testified at the trials, Richie was convicted on all counts.  Petitioner was only convicted on one of three counts.  Accordingly, Petitioner's theory that the jury either believed only him or only A.D. is without merit.  Further, Petitioner's contentions that there could be other exculpatory evidence in the counseling records amounts to mere speculation.  Speculation that undisclosed information could lead to favorable evidence is not sufficient to establish a due process violation.  *Wood v. Bartholomew,* 516 U.S. 1, 6 (1995).  The Report and Recommendation should be adopted as to Ground 1.

1       **Ground 2.**  As to Ground 2, Petitioner argues that the Washington courts unreasonably

2 applied clearly established federal law regarding his Sixth Amendment rights when they affirmed

3 the trial court's ruling that prohibited the Petitioner from questioning A.D. about whether she

4 informed her mental health counselor that Petitioner sexually abused her.  Dkt. 30.  While the

5 Petitioner contends that this limit on cross examination was improper and not cumulative, he

6 failed to establish why that is so.  His theory that, because A.D. saw the counselor for

7 approximately two years and must have had a relationship of "full trust" and so had to have told

8 the counselor about the abuse if it happened, is pure speculation.  The trial record clearly

9 established that A.D. told no one of the sexual abuse until 2016 – well after she stopped seeing

10 her counselor.  The Report and Recommendation properly concluded that the state courts'

11 finding (that additional cross examination of A.D. focusing on her failure to disclose to her

12 counselor that she was sexually assaulted by Petitioner would be wholly cumulative) was not in

13 error.  The Report and Recommendation should be adopted as to Ground 2.

14       **Certificate of Appealability**. The Report and Recommendation recommends the denial

15 of a certificate of appealability.  Dkt. 28 at 22-23.  A certificate of appealability may issue only if

16 a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28

17 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason

18 could disagree with the district court's resolution of his constitutional claims or that jurists could

19 conclude the issues presented are adequate to deserve encouragement to proceed

20 further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner has not met this burden.

21 **ORDER**

22     •  The Report and Recommendation (Dkt. 28) **IS ADOPTED**;

23     •  The Petitioner's motion for an evidentiary hearing (Dkt. 30) **IS DENIED**;

24

- The Petitioner's grounds for relief **ARE DENIED**;

- This Petition (Dkt. 3) **IS DISMISSED WITH PREJUDICE**; and

- The Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of September, 2023.

ROBERT J. BRYAN
United States District Judge